OPINION
The defendant-appellant, Reyes Ochoa, Sr. ("appellant"), appeals the judgment of the Putnam County Court of Common Pleas finding him guilty of attempted rape. For the following reasons, we affirm the judgment of the trial court in part and reverse in part.
The pertinent facts and procedural history in this matter are as follows. On November 22, 1999, the appellant was indicted by the Putnam County Grand Jury for two counts of rape, in violation of R.C. 2907.02(A)(2) and (B) and one count of attempted rape, in violation of R.C. 2907.02(A)(2) and (B) and R.C 2923.02. On December 2, 1999, the appellant pled not guilty to all the counts of the indictment.
On March 16, 2000, a jury trial was held and the appellant was found not guilty on the two counts of rape and guilty on the count of attempted rape. The appellant was immediately sentenced to the maximum sentence of eight years imprisonment. It is from this judgment and sentence that the appellant now appeals, asserting three assignments of error.
 Assignment of Error No. 1 The verdict of guilty was against the manifest weight of the evidence and the evidence was insufficient to support the conviction.
 The appellant challenges his conviction as not being supported by sufficient evidence and as against the manifest weight of the evidence. As the legal concepts of sufficiency and manifest weight of the evidence involve different determinations, they will be addressed separately. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
Sufficiency of the Evidence
Sufficiency of the evidence is the legal standard applied to determine whether the evidence is legally sufficient to support the jury verdict. State v. Smith (1997), 80 Ohio St.3d 89, 113. In essence, sufficiency is a test of adequacy and whether the evidence is legally sufficient to sustain a verdict is a question of law. Thompkins, 78 Ohio St.3d at 386. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Smith,80 Ohio St.3d at 113.
The appellant was convicted of attempted rape of his granddaughter, Sophia, in violation of R.C. 2907.02(A)(2) and R.C.2923.02, which read in relevant part:
R.C. 2907.02(A)(2) — Rape
 No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.
R.C. 2923.02(A) — Attempt
 No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.
 At the trial, Sophia testified that the incident occurred when she was spending the night with her grandparents. As she was sleeping, the appellant, her grandfather, awoke her from her sleep and tried to pull down her pants. She resisted by trying to keep the covers pulled up, but eventually the appellant was successful in removing her pants. The appellant then removed her underwear and unzipped his own pants. The appellant then attempted to have anal intercourse with the child. When asked whether the appellant had an erection, the victim testified, "I think so." She also stated that he touched her with his penis "around [her] butthole and everything." The appellant's efforts were thwarted when the telephone rang and his wife, who was sleeping in the same bed as the victim, woke up.
The appellant chose not to testify in this case. However, in his defense, he presented the testimony of his wife, Sharon Ochoa. Sharon testified that Sophia had never spent the night at their house and that this incident never happened. In rebuttal, the State presented the testimony of Sophia's mother, Julie Heuerman, who testified that her daughter had in fact spent the night with her parents, the appellant and Sharon Ochoa. Heuerman also testified that approximately twelve years ago Sharon Ochoa slipped into a coma for four to six weeks. As a result of the coma, Sharon suffered brain damage and has difficulty remembering things.
After a thorough review of the record herein, we are satisfied that there was substantial evidence from which the jury could conclude that every element of the offense had been proven beyond a reasonable doubt. We find that there is sufficient evidence to support the jury's verdict in this case.
Manifest Weight of the Evidence
In determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.Thompkins, 78 Ohio St.3d at 387. Weight of the evidence concerns the "inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." Id. A court of appeals reversing the judgment of the trial court on the basis of weight of the evidence acts as a thirteenth juror who rejects the factfinder's resolution of the conflicting testimony. Id. at 387, citing Tibbs v. Florida
(1982), 457 U.S. 31. Appellate courts reverse on the ground of manifest weight only in exceptional cases "where the evidence weighs heavily against the conviction." State v. Mendoza (March 31, 2000), Hancock App. No. 5-99-46, unreported, citing Thompkins,78 Ohio St.3d at 389.
Given the evidence in this matter, as discussed above, it cannot be said that the jury lost its way and created a manifest miscarriage of justice in reaching the conclusion that the appellant was guilty of attempted rape. The weight of the evidence clearly supports the verdict rendered by the finder of fact.
Accordingly, the appellant's first assignment of error is not well taken and is overruled.
 Assignment of Error No. 2 The trial court committed an error of law by failing to instruct the jury on gross sexual imposition as a lesser included offense of rape.
 The appellant contends that he was entitled to a jury instruction on the lesser included offense of gross sexual imposition. For the following reasons, we disagree.
First it must be noted that the appellant did not object to the instructions given to the jury at the time of trial, as required by Crim.R. 30. The Supreme Court of Ohio has consistently held that the failure to object to jury instructions at trial constitutes waiver of any claim of error on appeal, absent plain error. State v. Williford (1990), 49 Ohio St.3d 247, 251. While Crim.R. 52(B) provides that "plain errors or defects affecting substantial rights may be noticed although they are not brought to the attention of the court," notice of plain error must be taken with the utmost caution, under exceptional circumstances, and only in order to prevent a manifest miscarriage of justice. State v.Long (1978), 53 Ohio St.2d 91.
In this matter, the appellant claims that the failure of the trial court to instruct the jury on the lesser included offense of gross sexual imposition rises to the level of plain error. It is undisputed that gross sexual imposition is a lesser included offense of attempted rape. However, a charge on a lesser included offense is required only where the evidence would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. State v. Braxton (1995),102 Ohio App.3d 28, 43, citing State v. Thomas (1988), 40 Ohio St.3d 213.
The appellant is claiming that the jury should have been instructed on both his original charge, attempted rape, and the lesser included offense of gross sexual imposition. "Sexual conduct" is an element of the offense of rape. R.C. 2907.02. As is relevant to the facts in this case, "sexual conduct" means anal intercourse. The jury had to find beyond a reasonable doubt, that the appellant engaged in conduct, which, if successful, would have resulted in anal intercourse in order to convict the appellant of attempted rape. R.C. 2923.02. Gross sexual imposition, on the other hand, includes the element of "sexual contact." R.C.2907.05. "Sexual contact" means "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region * * * for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). State v. Buckley
(Nov. 22, 1995), Cuyahoga App. No. 68419, unreported.
In State v. Johnson (1988), 36 Ohio St.3d 224, the Supreme Court of Ohio held the following concerning instructing the jury on the lesser included offense of gross sexual imposition:
 A criminal defendant is not entitled to a jury instruction on gross sexual imposition as a lesser included offense of rape where the defendant had denied participation in the alleged offense, and the jury, considering such defense, could not reasonably disbelieve the victim's testimony as to "sexual conduct," and, at the same time, consistently and reasonably believe her testimony on the contrary theory of mere "sexual contact."
 In the case sub judice, the victim testified that the appellant attempted anal intercourse, but was thwarted when the telephone rang and his wife awoke. The appellant's only defense was complete denial of any involvement in the incident. In fact, the appellant presented evidence denying that the victim had ever spent the night at his home. As the evidence is undisputed that the appellant attempted intercourse, that is, the sexual conduct element of rape, he was not entitled to a jury instruction on gross sexual imposition under a theory of mere sexual contact.
As we fail to find any error in the trial court's instructions to the jury, the appellant's contention that plain error occurred in this case is without merit. Accordingly, the appellant's second assignment of error is overruled.
 Assignment of Error No. 3 The trial court committed an error of law by imposing a sentence contrary to R.C. 2929.11 through R.C. 2929.18.
 R.C. 2953.08(G)(1), permits an appellate court to vacate and remand a sentence to the trial court for the purposes of resentencing, when it finds by clear and convincing evidence that (a) the record does not support the sentence; * * * [or] (d) that the sentence is contrary to law. In his third assignment of error, the appellant contends that the trial court's decision to impose the maximum sentence was not supported by the facts contained in the record and was contrary to law. For the following reasons, we agree.
The Ohio felony sentencing law requires a trial court to make various findings before it may properly impose a sentence. With regard to those findings, this Court has repeatedly held that "it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.14, and 2929.19, which in effect determine a particular sentence and a sentence unsupported by these findings is both incomplete and invalid. State v. Bonanno (June 24, 1999), Allen App. Nos. 1-98-59 and 1-98-60, unreported; see, also,State v. Russell (March 13, 2000), Auglaize App. No. 1-98-81, unreported. A trial court must strictly comply with the relevant sentencing statutes by making such findings of fact on the record at the sentencing hearing. Bonanno, supra at 6. Further, when required, the court must state its particular reasons for doing so. Id.
R.C. 2929.14(A) provides that a sentence on a felony of the second degree may properly range from two years to eight years. In this case the appellant was sentenced to the maximum term of eight years. Pursuant to R.C. 2929.14(C), a trial court must make certain findings prior to sentencing a defendant to a maximum sentence. Specifically, the trial court must conclude that the offender committed one of the worst forms of the offense or that the offender poses the greatest likelihood of committing future crimes. R.C. 2929.12 sets forth specific factors that the court shall consider in determining whether the offender has committed the worst form of the offense or poses the greatest likelihood of committing future crimes.
Pursuant to R.C. 2929.19(B)(2)(d), the court is required at the sentencing hearing to state its reasons for imposing the longest prison term available. In State v. Edmonson (1999), 86 Ohio St.3d 324, the Supreme Court of Ohio articulated the difference between making a finding on the record and giving reasons for imposing a certain sentence. The court indicated that "finds on the record" merely means that the court must specify which statutorily sanctioned ground it has relied upon in deciding to impose a particular sentence, i.e. that the offender committed the worst forms of the offense. Id. at 326. However, when a statute further requires the court to provide its reasons for imposing a sentence, as in the case of maximum term, the court must make the applicable findings, and then provide a factual explanation setting forth the basis for those findings. Id.
In the case sub judice, the record indicates that the trial court failed to make the required findings necessary to impose the maximum sentence. The court did not specify which statutorily sanctioned ground it had relied on in deciding to impose the maximum sentence. The transcript of the sentencing hearing reveals that the trial court stated his reason for imposing the maximum sentence was the fact that the appellant had a prior felony, he took advantage of his relationship with the victim to facilitate the offense, and the emotional harm suffered by the victim. While this recitation satisfies the requirements of R.C.2929.19(B)(2)(d), the trial court failed to meet the requirement of R.C. 2929.14(C) that requires the court to make a requisite finding before imposing the maximum sentence, i.e. that the offender committed the worst form of the offense or poses the greatest likelihood of committing future crimes. This Court has previously held that a trial court must strictly comply with the relevant sentencing statutes by making such findings of fact on the record at the sentencing hearing. Bonanno, supra at 6.
Accordingly, the appellant's third assignment of the error is well taken. This matter is remanded to the trial court for resentencing.
Having found no error prejudicial to the appellant herein, in two of the particulars assigned and argued, we affirm the judgment of the trial court as to the appellant's first and second assignments of error.
Having found error prejudicial to the appellant herein, in one of the particulars assigned and argued, we reverse the judgment of the trial court as to the appellant's third assignment of error and remand the matter for further proceedings consistent with this opinion.
WALTERS and BRYANT, JJ., concur.